IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-06025-01-CR-SJ-HFS |
| | ) | |
| JEFFREY S. THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR
PRETRIAL DETENTION AND A HEARING PURSUANT
TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)**

COMES NOW the United States of America, by Todd P. Graves, United States Attorney, and Cynthia L. Phillips, Assistant United States Attorney, both for the Western District of Missouri, and  hereby moves the Court to hold a hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community.

SUPPORTING SUGGESTIONS

1.	Subsection 3142(f), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is in any one of the following categories:

A. The case involves a <u>crime</u> <u>of</u> <u>violence</u>, a term defined at Section 3156 to include either:

    1. An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another;

    2. any other offense that is a <u>felony</u> and by its nature involves a substantial risk that physical force against the person or property of another <u>may</u> be used in the course of its commission; or

    3. any felony under chapter . . . 110 [18 U.S.C. §§ 2251 through 2260], or 117 [18 U.S.C. §§ 2421 through 2427.]

B. The case involves an offense where the maximum sentence is life imprisonment or death.

C. The case is a narcotics case under Title 21, United States Code, for which imprisonment for ten years or more is prescribed.

D. Any felony, even a non-violent felony not involving drugs, if the person already has two or more convictions for a crime of violence, a crime punishable by life imprisonment, or a ten year drug felony.

    2. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit:

        A. <u>The Defendant is Charged with a Crime of Violence</u>

The federal grand jury has found probable cause to believe that the defendant committed violations of Chapter 117, that is: knowingly using a facility of interstate commerce to persuade, induce, entice, and coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense (§ 2422(b)); and travel in interstate commerce for the purpose of engaging in any illicit sexual conduct with another person (§ 2423(b)). These are crimes of violence as defined by 18 U.S.C. § 3156(4)(C) and referred to in 18 U.S.C. § 3142(f)(1)(A).

        B.       <u>Rebuttable Presumption that No Bond Conditions Will Suffice</u>

The federal grand jury has found probable cause to believe that the defendant committed a violation of 18 U.S.C. § 2422(b), that is: knowingly using a facility of interstate commerce to persuade, induce, entice, and coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense; and 18 U.S.C. § 2423(b), that is: travel in interstate commerce for the purpose of engaging in any illicit sexual conduct with another person. Pursuant to 18 U.S.C. § 3142(e), it shall be presumed, subject to rebuttal by the person, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

3

C.  The Defendant is a Flight Risk

The federal grand jury charged the out-of-state defendant with counts involving a hefty sentence: Count One of the Indictment carries a mandatory minimum of 20 years and Count Two of the Indictment carries a mandatory minimum of 5 years. The defendant does not have any ties to the Missouri area. Most notably, during the execution of the federal search warrant, on several different occasions, the defendant told the FBI that "when [he] gets nervous, [he] just takes off" and that he had a "tendency to flee" when he "gets scared." Through the course of the contact with the female minor ("FM") involved in this case, the defendant has referred to a friend "Tony." The defendant told FM that "Tony" can "make people disappear" and "give people new identities."

D.  The Defendant is a Risk to the Community

The defendant has shown a chronic sexual interest in minor females and has acted out on that deviant interest with FM by traveling from Pennsylvania to Northwest Missouri to obtain control of FM for the purposes of engaging in illegal illicit sexual conduct. More alarmingly, for the last 18 months the defendant has extensively worked to lure the Northwest Missouri female minor to "disappear" by leaving Missouri to travel with him back to his home in Pennsylvania for further illegal illicit sexual conduct.

In September 2003, using publically available computers, Jeffrey S. Thomas met a 14-year-old minor female from Northwest Missouri online in a Yahoo! chatroom and began communicating with her via private instant messaging. FM told the defendant her age within the first few conversations they had via the Yahoo! private instant messenger.

4

She also informed the defendant of how unhappy she was with her home life. Despite her known age, the defendant offered a solution to her situation: he could help her disappear and she could come live with him in Pennsylvania.

Over the next 18 months, via online instant messaging and the telephone, the defendant outlined what he would give FM in Pennsylvania once she was away from her parents. He promised a wedding ceremony, new large house, new SUV, children, dogs, travel, and vacations. In extensive detail, he lured in FM by promising a better life she would have with him. The defendant only required that FM leave Missouri with him without telling her family where she went or who she left with. During the course of these conversations, the defendant's discussions of sexual contact elevated from intercourse to plans of bondage, sadistic, and masochistic sexual experiences they would engage in together.

On Friday, April 15, 2005, the defendant arrived in Northwest Missouri to pick up FM to take her back to Pennsylvania. The defendant took FMV to a local Missouri hotel (where he had made reservations). For the next 2 ½ days, the defendant engaged in a spectrum of sexual intercourse and conduct with FM. Afterwards, he told the victim that he was worried that he had "not covered his tracks" well enough for her to disappear yet. The defendant said he would need more time to plan her disappearance and that he would come back after he had "covered himself better."

After returning to Pennsylvania on Monday, April 18, 2005, the defendant continued to contact FM via telephone. The defendant continued his frequent

conversations with FM, including discussions of a sexual nature and his plan to take her back to Pennsylvania.

On July 6, 2005, FM and her parents consented to allow the FBI record FM's daily conversations with the defendant. In the course of the conversations, the defendant discussed the sexual acts he engaged in with FM in Missouri and his more detailed plan to return to Missouri to take her back with him to Pennsylvania.

When the FBI executed the federal search warrant on the defendant's parents' home (where the defendant lives), among other items, they found a vault of guns.

The defendant's extensive effort and planning to lure in a minor victim, the fact he acted on his sexual desires with a minor, and his plan to abduct the minor female, indicates that the defendant is a threat to both FM and other minors in the community.

For the above reasons, the Government believes that the defendant currently serves as both a flight risk and as an active threat to the safety of the community.

WHEREFORE, the Government respectfully requests that this Honorable Court set a detention hearing to demonstrate that no condition or combination of conditions will

reasonably assure the defendant's appearance in court or the safety of persons in the community. The government further requests that the Court thereafter detain defendant without bail.

>
> Respectfully submitted,
>
> Todd P. Graves
> United States Attorney
>
> By   /s/ *Cynthia L. Phillips*
>
> Cynthia L. Phillips #6283752
> Assistant United States Attorney
>
> Charles Evans Whittaker Courthouse
> 400 East 9th Street, Fifth Floor
> Kansas City, Missouri 64106
> Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing will be hand-delivered to the defendant at the Office of the United States Marshals Service, 400 East 9th Street, Kansas City, Missouri 64106.


      /s/ *Cynthia L. Phillips*
     Cynthia L. Phillips
     Assistant United States Attorney

CLP/tlm      8